Law Committee of the New York County Lawyers' Association, Amicus Curiae.

In the Matter of Julian E. FERNANDEZ, Estate of, Debtor,

DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, State of Louisiana, Appellant,

v.

PNL ASSET MANAGEMENT COMPANY LLC; Jean O. Turner, Appellees.

In the Matter of Julian E. FERNANDEZ, Debtor,

STATE OF LOUISIANA, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, Appellee,

v.

Jean O. TURNER, trustee; PNL Asset Management Company, Appellants.

Nos. 96–31013, 97–30529.

United States Court of Appeals, Fifth Circuit.

Dec. 10, 1997.

Ronald J. Bertrand, Bertrand & Soileau, Rayne, LA, for Dept. of Transp. and Dev., State of La.

Mark Bernard Stern, Michael Eugene Robinson, U.S. Department of Justice, Civil Division, Appellate Staff, Washington, DC, for United States.

Gerald F. Slattery, Jr., Paul J. Goodwin, Schully, Roberts, Slattery & Jaubert, New Orleans, LA, for PNL Asset Management Company LLC.

Jan M. Hayden, Robyn Jeana Spalter, Tristan Edwards Manthey, Bronfin & Heller, New Orleans, LA, for Jean O. Turner.

Leonard Howard Gerson, Angel & Frankel, New York City, for Business Bankruptcy

Before REYNALDO G. GARZA, HIGGINBOTHAM and DAVIS, Circuit Judges.

ORDER ON PETITION
FOR REHEARING

(Opinion September 15, 1997, 5th Cir., 1997, 123 F.3d 241)

PER CURIAM:

It is ORDERED that the petitions for rehearing filed in the above case are DENIED. We revise the last paragraph of Section III and the first paragraph of Section IV to read as follows:

It is well-established that the Eleventh Amendment does not bar the United States government from filing suit in federal court against a state. *United States v. Mississippi*, 380 U.S. 128, 140, 85 S.Ct. 808, 815, 13 L.Ed.2d 717 (1965) (noting that "nothing in the [Eleventh Amendment] or any other provision of the Constitution prevents or has ever been seriously supposed to prevent a State's being sued by the United States."); *United States v. Texas*, 143 U.S. 621, 641–46, 12 S.Ct. 488, 492–94, 36 L.Ed. 285 (1892). It is, however, a great leap to suggest that granting continuing federal jurisdiction in tandem with 12 U.S.C. § 1819(b)(1) and 28 U.S.C. § 1345 permit private successors to the FDIC to avoid the Eleventh Amendment by slipping into the shoes of the United States. While a state's consent to being sued by the United States is deemed to be given when admitted into the Union, the same cannot be said with respect to a private party stepping into the shoes of an agency of the federal government which may be seen to lie "outside the structure of the [original] Union." *See Monaco v. Mississippi*, 292 U.S. 313, 322–23, 330, 54 S.Ct. 745, 748, 751, 78 L.Ed. 1282 (1934) (stating that states possess immunity from unconsented suit except

where there has been "a surrender of this immunity in the plan of the convention") (quoting The Federalist No. 81); *United States v. Texas,* 143 U.S. 621, 646, 12 S.Ct. 488, 494, 36 L.Ed. 285 (1892) (stating that Texas consented to being sued by the United States when admitted into the Union). In other words, a private successor to the FDIC cannot by implication enjoy the status accorded the national government for Eleventh Amendment purposes. Rather, we are persuaded that there must be a clear expression of purpose to abrogate the Eleventh Amendment in any extension of agency status to a private party for the purpose of jurisdiction. We find no such clarity of purpose as required by the Supreme Court. *Seminole Tribe of Florida v. Florida,* 517 U.S. 609, at ——, 116 S.Ct. 1114, at 1123, 134 L.Ed.2d 252 (1996).

## IV.

We hold that Section 106(a) of the Bankruptcy Code is unconstitutional. Congress cannot locate the authority claimed here to abrogate sovereign immunity in either the Bankruptcy Clause or in Section 5 of the Fourteenth Amendment. Nor does extending federal jurisdiction to private successors to the FDIC avoid the reach of the Eleventh Amendment.